UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DESTINY HOFFMAN, *et al.* | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 4:14-cv-00012-SEB-TAB ) |
| JEROME JACOBI, *et al.* | ) ) |
| Defendants. | ) ) |

## ORDER DENYING DEFENDANT JEROME JACOBI'S MOTION TO DISMISS

This cause is before the Court on Defendant Jerome Jacobi's motion to dismiss for lack of jurisdiction and for failure to state a claim [Docket No. 38], filed on June 5, 2014 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is DENIED.

## Background

The factual allegations contained in Plaintiffs' Amended Complaint are extensive, but we need not discuss them at length here; the motion to dismiss concerns only one Defendant and focuses on jurisdictional issues.

Defendant Judge Jerome F. Jacobi is an elected judge in Clark County, Indiana. At the time of the incidents alleged in the Amended Complaint, Judge Jacobi served as the presiding judge of Clark Circuit Court No. 2 and the Clark County Drug Treatment Court. Am. Compl. ¶ 27. The Clark County Drug Treatment Court was created under the auspices of a 2010 Indiana statute as a "problem solving court focused on addressing the substance abuse issues of defendants . . . in the criminal justice system by . . . bringing together substance abuse

1

rehabilitation professional, local social programs, and intensive judicial monitoring." Ind. Code § 33-23-16-5(a)(1).

Plaintiffs allege several types of misconduct by officials of the Clark County court system and other county officials.[1] Four of these allegations relate to Judge Jacobi. First, a number of Plaintiffs who were participants in the Clark County Drug Treatment Court allege that they suffered periods of detention without hearing, notice, counsel, the consideration of bond, or the opportunity to hear evidence against them or cross-examine witnesses—all in violation of their rights to due process of law under the Fifth and Fourteenth Amendments. *See* Am. Compl. ¶¶ 145–154. Second, Plaintiff Jesse Hash alleges that he was incarcerated for 60 days as a pretrial detainee by order of officials of Clark Circuit Court No. 2 without any appearance before a judicial officer, without a probable cause hearing, without consideration of bail or the appointment of counsel, and without notice of the charges against him—in violation of his due process rights under the Fifth and Fourteenth Amendments. *Id.* at ¶¶ 155–161. Third, Plaintiff James Bennett, a convict serving a portion of his sentence on a work-release program, alleges that he was re-arrested and held for 74 days without ever having been told the reason for his detention, and in violation of his due process rights to a hearing, counsel, confrontation, and cross-examination.[2] *Id.* at ¶¶ 162–171. Finally, four Plaintiffs allege that they were arrested by Clark County officials who lacked lawful arrest powers, in violation of the Fourth Amendment. *Id.* at ¶¶ 172–178. Plaintiffs sue Judge Jacobi in his official capacity, and they state with respect to each of these four claims that they are suing him "for the sole purposes of obtaining a

---

[1] Judge Jacobi's co-Defendants are Susan Knoebel, Henry Ford, Clark County Sheriff Danny Rodden, Danielle Grissett, Stephen Mason, the Clark County Board of Commissioners, Josh Seybold, and two unknown Clark County officials.
[2] Plaintiff Bennett alleges in the alternative that these conditions of detention violated his Eighth Amendment right to be free from cruel and unusual punishments. Am. Compl. ¶ 164.

declaration" that the actions taken under the aegis of his courts violate Plaintiffs' constitutional rights. *See id.* at ¶¶ 148, 157, 165, 174.[3]

On February 14, 2014, shortly before Plaintiffs initiated this action, the Indiana Judicial Center informed Judge Jacobi that it had suspended the operations of the Clark County Drug Court in light of the allegations of "unlawful conduct by drug court staff and drug court practices harmful to participants." Docket No. 39, Ex. 1. The letter went on to state that "[s]hould the allegations involving drug court practices prove to be unfounded, the Judicial Center will lift the suspension and work with you to restore drug court operations." *Id.* As of April 10, 2014, an electronic directory issued by the Indiana Judicial Center listed Judge Vicki Carmichael, rather than Judge Jacobi, as the presiding judge of the Clark County Drug Court; the directory did not indicate that the court was inactive or in suspended operations. Docket No. 39, Ex. 2.

## Legal Analysis

### Standard of Review

Defendant Jacobi seeks dismissal both on the basis of lack of jurisdiction, Fed. R. Civ. Pro. 12(b)(1), and on the basis of Plaintiffs' failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Because he seeks dismissal only on the basis of jurisdictional and justiciability issues, we weigh his motion to dismiss according the standard provided by Federal Rule of Civil Procedure 12(b)(1). *See Discovery House, Inc. v. Consol. City of Indianapolis,* 970 F. Supp. 655, 657–658 (S.D. Ind. 1997). *See also Stroman Realty, Inc. v. Grillo,* 438 F. Supp. 2d 919, 932 (N.D. Ill. 2006); *Manos v. Caira,* 162 F. Supp. 2d 979, 986

---

[3] Plaintiffs' Amended Complaint also includes four sets of class allegations, constructed as follows: (1) Class A, consisting of Clark County Drug Court participants who were incarcerated for more than 72 hours without hearing or other due process of law in violation of the Fourteenth Amendment; (2) Class B, consisting of all those who are, or will be in the future, subject to the violations suffered by the members of Class A; (3) Class C, consisting of all those who were arrested by state actors under the aegis of Clark Circuit Court No. 2 acting without lawful arrest authority; and (4) Class D, consisting of all those who are, or will be, subject to unlawful arrest at the hands of Clark Circuit Court No. 2 officials who lack arrest authority. *See* Am. Compl. ¶¶ 131–143.

(N.D. Ill. 2001) ("Abstention doctrines are jurisdictional in nature.") (additional citations omitted).

The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte. See* Fed. R. Civ. Pro. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

**Discussion**

Defendant Judge Jacobi seeks dismissal on two grounds. First, he asserts that he no longer presides over the Clark County Drug Court, and he therefore contends that Plaintiffs' allegations against him are moot. Second, he urges that the Court abstain from considering the claims against him pursuant to the doctrine established by the United States Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny. We address first the question of subject matter jurisdiction raised by Defendant Jacobi's mootness argument, before turning to Defendant Jacobi's argument that the Court should decline to exercise jurisdiction it may possess with regard to the claims involving the Clark Circuit Court. Ultimately, we find neither of Defendant's arguments persuasive.

I. **Mootness**

The doctrine of mootness is a temporal manifestation of the jurisdictional limits imposed by Article III—that courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citing *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)). Regardless of the circumstances present when the acts or omissions giving rise to a cause of action occurred, a federal court must abjure decision on a question that intervening factual events have rendered moot, lest it run afoul of the judiciary's longstanding prohibition on rendering merely "advisory" opinions. *See Deakins v. Monaghan,* 484 U.S. 193, 199 (1988); *City of Erie,* 529 U.S. at 287; *A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend,* 683 F.3d 844, 845 (7th Cir. 2012).

Plaintiffs seek only declaratory relief with respect to Defendant Jacobi. As the Seventh Circuit has explained:

> A demand for present or prospective (declaratory or injunctive) relief imposes a substantial burden on the plaintiff to show survival of the controversy. Thus, when a public official is sued in his official capacity and the official is replaced or succeeded in office during the pendency of the litigation, the burden is on the complainant to establish the need for declaratory or injunctive relief by demonstrating that the successor in office will continue the relevant policies of his predecessors.

*Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir. 1982) (citing *Spomer v. Littleton,* 414 U.S. 514, 520–523 (1974)), *abrogation on other grounds recognized by Salazar v. City of Chi.*, 940 F.2d 233 (7th Cir. 1991). Thus, where a plaintiff can show that an official's actions reflect an institutional policy that could be assumed to persist under that official's successor, the suit may continue and the defendant in question may be substituted pursuant to Federal Rule of Civil Procedure 25(d). *See, e.g., Rowe v. Davis,* 373 F. Supp. 2d 822, 828 (N.D. Ind. 2005). Where the

plaintiff has failed to meet that burden, the suit against that official is moot and must be dismissed for lack of subject matter jurisdiction. *See Kincaid,* 670 F.2d at 741.

Here, we conclude that Defendant Jacobi's mootness argument is, at the very least, premature. Defendant has attached to his motion a February 14, 2014 letter from the Indiana Judicial Center informing Judge Jacobi that allegations of unlawful conduct necessitated "an immediate suspension of Clark County Drug Court operations," remaining in effect "until further notice from this office." Docket No. 39, Ex. 1. "Should the allegations involving drug court practices prove to be unfounded," the letter continued, "the Judicial Center will lift the suspension and work with you to restore drug court operations." *Id.* Defendant has also submitted a document indicating that, as of April 2014, the Indiana Judicial Center listed Judge Vicki Carmichael, rather than Judge Jacobi, as the presiding officer for the Clark County Drug Court. Docket No. 39, Ex. 2.

Taken together, these documents establish that the Judicial Center temporarily suspended the Clark County Drug Court in February 2014; we do not know how long the suspension lasted, or which judge currently presides over the court, if it has been fully reinstated. We also do not know whether Judge Jacobi, who apparently remains in office as the presiding judge of Clark Circuit Court No. 2,[4] will resume his duties over the drug court in the future, if indeed he has not already. "It is the defendant's burden to prove that the offending activity has stopped and will not be repeated before a court may dismiss an action for mootness." *Nat'l People's Action v. City of Blue Island, Ill.*, 594 F. Supp. 72, 73 (N.D. Ill. 1984) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).[5] Defendant Jacobi disclaims any argument that the Drug Court has ceased

---

[4] *See* "Clark County Indiana: Circuit Court #2," www.co.clark.in.us/courts-2.html (accessed October 9, 2014). The court's website currently lists the Honorable Jerry Jacobi as its sole presiding judge, together with two magistrates.
[5] Defendant, citing *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983), insists that in fact Plaintiffs bear the burden of proving that the claims against Judge Jacobi are *not* moot. Docket No. 49 at 2. In *Lyons,* the Supreme Court briefly

6

operations permanently, or that the alleged constitutional violations committed by its various officers have permanently abated; rather, he asserts only that the claims are moot with respect to *him* because he no longer presides over the Drug Court. *See* Docket No. 39 at 6; Docket No. 49 at 2–3.[6] If Defendant Jacobi establishes his permanent removal from the Drug Court, then the dismissal of the official-capacity claim for declaratory relief against him—or the substitution of his successor under Rule 25(d)—may be warranted.[7] As of now, however, it is unclear whether such permanent removal from office has occurred.[8]

## II. *Younger* Abstention

Alternately, Defendant Jacobi argues that, with respect to the claims against him concerning the administration of Clark Circuit Court No. 2, this Court should decline to exercise jurisdiction according to the doctrine set forth by the Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), and progeny.[9] Docket No. 39 at 6. Neither party has devoted serious discussion

---

considered and rejected the possibility that a moratorium on the LAPD's use of chokeholds on suspects had mooted the plaintiff's claim for injunctive relief against the Department's engagement in that practice. The Court found that the "moratorium by its terms is not permanent. Intervening events have not 'irrevocably eradicated the effects of the alleged violation.'" 461 U.S. at 101 (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)). The Court went on to explore—in the portion of the decision that Defendant quotes—the question of standing. 461 U.S. at 101–113. The standing of the various Plaintiffs here, some of whom have suffered completed harm and some of whom purport to be subject to continuing or future harm if prospective relief is not granted, is not a question presented by this motion.

[6] As Plaintiffs have noted, it is possible that even if the constitutional violations complained of have permanently ceased, their allegations regarding the conduct of Drug Court personnel are within the scope of the exception to mootness doctrine for actions "capable of repetition, yet evading review." *See* Docket No. 47 at 5; *Gerstein v. Pugh,* 420 U.S. 103, 110 n.11 (1975). We do not reach this broader question, which Defendant Jacobi has not raised as it does not relate to his sole argument that claims against him are moot because of his replacement in office.

[7] Whether substitution or dismissal is appropriate would depend upon whether Plaintiffs have produced evidence that the successor in office has continued or will continue the allegedly unconstitutional practices that occurred under Judge Jacobi's supervision of the court—or whether, alternately, such practices were "idiosyncratic" and expired along with Judge Jacobi's tenure. *See Moore v. Watson,* 838 F. Supp. 2d 735, 761–762 (N.D. Ill. 2012) (citing *Kincaid*, 670 F.2d at 741).

[8] We note, as well, that two of the claims against Judge Jacobi, *see* Am. Compl. ¶¶ 157, 165, relate to his status as the presiding judge of Clark Circuit Court No. 2 rather than his role with the Drug Court. Even in the event that his permanent removal from any role with the Drug Court were established, these two claims would not thereby be mooted.

[9] Defendant Jacobi does not specifically contend that the Court should abstain from considering the claims of Plaintiff Lee Spaulding relating to his allegedly erroneous and unconstitutional detention for failure to appear before Clark Circuit Court No. 3—a claim that does not name Judge Jacobi, who did not preside over Clark Circuit Court No. 3, as a Defendant. Nonetheless, the same considerations apply to the Spaulding claim as apply to the claims

7

to the question of abstention. Defendant's argument in favor of abstention in his brief is cursory and largely unsupported by citations to authority, and Plaintiffs' response on the question is little less perfunctory. Nevertheless, we expand our discussion beyond the limited scope of the parties' submissions, in keeping with the respect that federal courts must pay to the boundaries imposed by the principles of comity and federalism embodied in the *Younger* doctrine. Having done so, we conclude that those principles are not implicated here.

"Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir. 1994) (quoting *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Certain well-defined exceptions to this principle exist, however, and the Supreme Court recognized one such basis for abstention in its decision in *Younger v. Harris,* 401 U.S. 37 (1971). At its core, the *Younger* doctrine forbids federal courts, under most circumstances, from enjoining a pending state criminal prosecution. *Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 594 (7th Cir. 2012). The doctrine has been extended to apply to other state proceedings as well; formulated more broadly, it states that federal courts should "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims."[10] *Forty One News, Inc. v. County of Lake,* 491 F.3d 662, 665–666 (7th Cir. 2007) (quoting *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)). In such a situation, abstention serves as a bulwark of federalism. *See Middlesex*

---

relating to allegedly unconstitutional practices in Clark Circuit Court No. 2, and our ruling below applies equally to both sets of claims. As with a number of other Plaintiffs, Spaulding's claim alleges unconstitutional detention; in his case, the detention was caused by a clerk's error that erroneously labeled him as having failed to appear for a hearing. Also as with the other Plaintiffs, Spaulding's claim does not challenge his underlying criminal conviction. According to Spaulding, his case in Clark Circuit Court No. 3 has been closed, pursuant to a pretrial diversion agreement, since September 2013. Am. Compl. ¶¶ 88–91.

[10] Defendant Jacobi does not contend that *Younger* abstention should bar consideration of Plaintiffs' challenges to the constitutional violations they allegedly suffered at the hands of the Clark County Drug Court or its officers. *See* Docket No. 39 at 6.

*Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 436 (1982). "[I]f a person is believed to have violated a state law, the state has instituted a criminal, disciplinary, or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." *Nader v. Keith,* 385 F.3d 729, 732 (7th Cir. 2004).[11]

It is true, as Defendant asserts, that the Plaintiffs are, or have been, defendants in state criminal proceedings in Clark Circuit Court. The allegations they bring in this suit, however, are not roundabout challenges to the state charges against them or the validity of their convictions on those charges. Rather, Plaintiffs claim that the practices engaged in or countenanced by officials of the circuit court—periods of detention without due process of law and arrest by officials lacking arrest authority—violated their constitutional rights independent of Plaintiffs' underlying guilt or innocence. *See* Am. Compl. ¶¶ 156, 163, 173, 180. As Plaintiffs affirm with respect to one of their claims, "[n]o Plaintiff is challenging or contesting the state law which allows Indiana judges to revoke probation for those properly and fairly found guilty of violating the terms, or any other Indiana statute or law. Rather, they are challenging the state actors' failure to abide by state and federal laws that require findings of probable cause and due process before taking away a person's liberty." Docket No. 47 at 7.

As the Supreme Court has recognized, entertaining a challenge "to the legality of pretrial detention without a judicial hearing"—as a request for injunctive or declaratory relief that is "not directed at the state prosecutions as such"—does not run afoul of the principles of *Younger* abstention. *See Gerstein v. Pugh,* 420 U.S. 103, 107 n.9 (1975). *Cf. Perez v. Ledesma,* 401 U.S. 82, 83–85 (1971) (disapproving a district court's "interference with a state prosecution" where

---

[11] *Younger* abstention can apply to requests for purely declaratory relief as well. *See Samuels v. Mackell,* 401 U.S. 66 (1971).

the court had declared arrests invalid and ordered the suppression of invalidly seized evidence in an ongoing state matter).[12] Courts have applied the Supreme Court's statement in *Gerstein* to a number of similar circumstances in finding *Younger* abstention unwarranted. *See, e.g., Flynt v. Leis,* 574 F.2d 874, 879–882 (6th Cir. 1978), *rev'd on other grounds,* 439 U.S. 438 (affirming a district court's decision not to abstain from a challenge to a state rule barring out of state attorneys' appearance *pro hac vice* in criminal cases); *Carter v. Doyle,* 95 F. Supp. 2d 851, 856–857 (N.D. Ill. 2000) (allowing a suit challenging a juvenile court's use of unsworn statements in determining probable cause for pretrial detention to go forward).

As an equitable doctrine of restraint, *Younger* abstention rests on the premise that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Traughber v. Beauchane,* 760 F.2d 673, 684 (6th Cir. 1985) (quoting *Trainor v. Hernandez,* 431 U.S. 434, 441 (1977)) (additional citations omitted). Abstention thus "serves no legitimate purpose where, as in this case, the constitutional claims raised in the federal complaint cannot be resolved in the state proceedings." *Bickham v. Lashof,* 620 F.2d 1238, 1245 (7th Cir. 1980). Here, the prospective relief Plaintiffs seek is: (1) a declaration that the Clark Circuit Court's systematic practices—primarily unlawful detention, the deprivation of procedural protections pertaining to detention, and arrest without proper authority—violated Plaintiffs' right to due process under the Fifth and Fourteenth Amendments and protection from unreasonable arrest under the Fourth Amendment; and (2) an injunction

---

[12] Four of the Plaintiffs here—Amy Bennett, Ashleigh Santiago, Michael Campbell, and Robert Upton—do contend that they were arrested contrary to law. *See* Am. Compl. ¶¶ 172–178. They do not present the claim as a defense to their state prosecutions, however; rather, they seek money damages and "preliminary and permanent injunctive relief enjoining *further* violation of their constitutional rights." Am. Compl. ¶ 178 (emphasis added). Thus, an injunction, if granted, would protect them from any future illegal arrest at the hands of the Clark County court officials in question, but would have no effect on the disposition of any of their state criminal charges that remain pending. *See Carter,* 95 F. Supp. 2d at 857 (where a plaintiff alleges an "independent violation" of his constitutional rights and is not presenting an "appeal . . . through the back door of the federal courts," abstention is inappropriate).

against the employment of such practices in the future.[13] Am. Compl. ¶¶ 154, 161, 171, 178. As the Supreme Court noted in a similar context in *Gerstein,* the alleged unconstitutionality of the state court's detention practices is not a defense to the Plaintiffs' state prosecutions, 420 U.S. at 108 n.9, and the only relief available in state court, if any, would be through collateral proceedings. Such circumstances, where the issue raised by the federal complaint is "ancillary to disposition of the underlying cause of action," are outside of *Younger* doctrine's primary concern. *See Traughber,* 760 F.2d at 684 (holding abstention inappropriate where, "[u]nlike the classic *Younger* situation, the plaintiffs' claim . . . cannot serve as a *defense* in the tort trial upon appeal") (emphasis original). A ruling in favor of Plaintiffs here would not involve this Court's intercession in any of Plaintiffs' ongoing criminal adjudications or appeals from the resulting convictions. *See Lewis v. Zoeller,* 2012 WL 5384704, at *2 (S.D. Ind. Nov. 1, 2012) ("Petitions to enjoin state courts from completing criminal prosecutions represent the core of the *Younger* abstention doctrine"). Nor would an order that the proceedings of the Clark Circuit Court must conform to the commands of the Fourth and Fifth Amendments with regard to arrest and detention represent undue federal court "supervision" of state court business. *See Gerstein,* 420 U.S. at 108 n.9 (noting that an order requiring courts to hold preliminary hearings upon detention "could not prejudice the conduct of the trial on the merits"). *Cf. O'Shea v. Littleton,* 414 U.S. 488, 500 (1974) (holding that an injunction directed at alleged racial discrimination by state courts in setting bond, sentencing, and imposing jury fees would impose "unwarranted

---

[13] Plaintiffs also seek damages. While the Seventh Circuit is among the Courts of Appeal that have held that suits at law may implicate *Younger* abstention—or at least a stay of the federal suit during the pendency of state proceedings, *see Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir. 1995) (upholding the issuance of a stay where a plaintiff brought a Section 1983 alleging an unreasonable search and false arrest in connection with pending state charges against him)—our conclusions about the lack of disruptive effect of the claims for prospective relief here apply with equal force to a request for damages. As we state elsewhere, the claims for which Plaintiffs seek an award of damages are not "potentially subject to adjudication" in a state criminal proceeding or appeal, since they are not actual or potential defenses to the Plaintiffs' underlying criminal charges. *See Hill v. City of Hammand, Ind.*, 2012 WL 5304177, at *3 (N.D. Ind. Oct. 25, 2012) (distinguishing *Simpson* on similar grounds).

anticipatory interference in the state criminal process by means of continuous or piecemeal interruptions of the state proceedings").

Any injunctive relief we would grant in this case would be directed towards the prospective cessation of unconstitutional practices rather than halting or altering the course of the state prosecutions against any of the Plaintiffs. As the Seventh Circuit has held, *Younger* abstention is appropriate "only when there is an action in state court against the federal plaintiff and *the state is seeking to enforce the contested law* in that proceeding." *Forty One News,* 491 F.3d at 665 (emphasis added). Here, there is no nexus between Plaintiffs' claims and Indiana's prosecution of the (mostly) drug-related criminal charges against them in the circuit court. *Cf. Palmer v. City of Chi.*, 755 F.2d 560, 575 (7th Cir. 1985) (if the federal issues raised by the federal complaint are, or could be, presented in the ongoing state court proceeding, then abstention is warranted absent "extraordinary circumstances").

In sum, Plaintiffs do not challenge the state laws under which they were charged or raise their constitutional claims as defenses to those charges. *Cf. Moore v. Sims,* 442 U.S. 415, 425–435 (1979) (holding that abstention from a challenge to the state statute under which a child-protection action was pending in state court was proper); *Trainor v. Hernandez,* 431 U.S. 434, 445–448 (1977) (upholding district court's abstention from a challenge to the constitutionality of a state property attachment statute under which the federal plaintiffs' property had been attached). Nor, as we have discussed, would our exercise of jurisdiction over the matter represent undue meddling in state court business or duplicate readily available state remedies in a manner contrary to our federalism-based respect for the integrity of parallel state processes. For these reasons, *Younger* does not compel our abstention.

## **Conclusion**

Defendant Judge Jacobi has neither demonstrated that Plaintiffs' claims against him in his official capacity are moot nor rendered a persuasive argument that our review of Plaintiffs' claims as a whole should be barred by the doctrine of *Younger* abstention. The motion to dismiss is accordingly DENIED.

October 17, 2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com