UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DESTINY HOFFMAN, )
*et al.* )
                Plaintiffs, )
  )
          vs. )       4:14-cv-00012-SEB-TAB
  )
JEROME JACOBI, )
*et al.* )
                Defendants. )

## ORDER ON DEFENDANTS' MOTION TO SEVER

This cause is before the Court on the motion [Docket No. 45] of Defendants Danielle

Grissett, Stephen Mason, Henry Ford, Clark County Sheriff Danny Rodden, and the Clark

County Board of Commissioners ("the Clark County Defendants") to sever the claims of

Plaintiffs' Amended Complaint, which motion the Defendants filed on July 1, 2014 pursuant to

Federal Rule of Civil Procedure 21. For the reasons set forth below, the motion is DENIED

without prejudice.

## Background

Plaintiffs are a group of current or former criminal defendants in the Circuit Courts of

Clark County, Indiana, many of whom also participated in Clark County's Drug Court program.

Defendants are the following officials of the Clark County courts or other employees of the

county government:

· Judge Jerome Jacobi is an elected Circuit Court judge, who presides over Clark Circuit

   Court 2 (formerly Clark Superior Court II); he was also, at the time in which the alleged

misconduct occurred, the presiding judge of the Clark County Drug Court.[1] Am. Compl. at ¶ 27.

- Susan Knoebel was a probation officer serving in Clark Circuit Court 2, and she also served as the Clark County Drug Court supervisor, "responsible for the daily operation and administration of the drug court. *Id.* at ¶¶ 28, 43.

- Jeremy Snelling was the court bailiff for Clark Circuit Court 2 who also served on the drug court committee responsible for the administration of the Clark County Drug Court. *Id.* at ¶¶ 29, 44.

- Josh Seybold was a "case manager" in the Clark County Drug Court, whom Plaintiffs assert was responsible for the "management of Drug Court participants." *Id.* at ¶ 34.

- Henry Ford was the chief probation officer of Clark County—and Susan Knoebel's supervisor. *Id.* at ¶ 30.

- Danielle Grissett was the director of the county's work release program. *Id.* at ¶ 32.

- Stephen Mason, the Executive Director of Clark County Community Corrections, oversaw the work release program and served as Grissett's supervisor. *Id.* at ¶ 33.

- Danny Rodden was the Sheriff of Clark County, responsible for the county's law enforcement operations and the administration of the Clark County Jail. *Id.* at ¶ 31.

- Lastly, the Clark County Board of Commissioners is the governing body of the county, with ultimate supervisory authority, Plaintiffs assert, over the drug court, the circuit courts, the probation department, the Sheriff's department, the drug court advisory

---

[1] Judge Jacobi asserts that he has since been removed from his position presiding over the Clark County Drug Court, and he has moved on this basis for his dismissal as a defendant, claiming that the allegations against him are now moot. Citing the lack of conclusive information regarding his current status with the Clark County Drug Court, we have ruled that Judge Jacobi may not (at least yet) be dismissed from the case. *See* Docket No. 73 (Court's Order of October 17, 2014).

committee, the work release program, and Clark County Community Corrections, among other county agencies. *Id.* at 37.[2]

The "Clark County Defendants"—the commonly-represented group of Defendants that have brought the present motion—are Danielle Grissett, Stephen Mason, Henry Ford, Sheriff Rodden, and the Clark County Board of Commissioners.

All Plaintiffs allege that court officials or other government employees violated their federal constitutional rights by arresting or incarcerating them in a manner inconsistent with the protections afforded by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants and Plaintiffs agree that the claims can be grouped into five categories, which we summarize below.

**Claim 1 -- Fifth and Fourteenth Amendment violations in the Clark County Drug Court:**

- **Plaintiffs**: Destiny Hoffman, Nathan Clifford, Joshua Foley, Ashleigh Santiago, Michael Campbell, Amy Tuttle, Amanda Campbell, Bobby Upton, Shane Bratcher, Justin Lanham, Trentney Rhodes, and Joanie Watson.

- **Defendants**: Judge Jerome Jacobi; Susan Knoebel, Jeremy Snelling, Josh Seybold, Henry Ford, Clark County Sheriff Danny Rodden—all in their official and personal capacities; and the Clark County Board of Commissioners in their official capacities.

- **Allegations**: All of these Plaintiffs were participants in the Clark County Drug Court program. They allege that, based solely upon the representations of a probation officer who accused them of violating a condition of their participation in the program, they were held in jail for more than 72 hours without a hearing, formal notice of the charge against them, counsel, the consideration of bond, the opportunity to hear the evidence

---

[2] Plaintiffs have also named as Defendants two unknown Clark County employees:

against them, or the opportunity to cross examine the government's witnesses. According to Plaintiffs, such incarceration violated their due process rights under the Fifth and Fourteenth Amendments; in the alternative they argue that it constituted cruel and unusual punishment in violation of the Eighth Amendment. They sue Defendants Knoebel, Snelling, Seybold, Ford, and Sheriff Rodden in both their official and personal capacities, seeking damages and injunctive relief. They seek only declaratory relief with respect to Defendant Judge Jacobi. *See* Am. Compl. ¶¶ 145–154.

**Claim 2 – Improper detention for "failure to appear":**

- **Plaintiff:** Jesse Hash.

- **Defendants:** Judge Jerome Jacobi; Sheriff Danny Rodden, in his individual and official capacities; and the Clark County Board of Commissioners in their official capacities.

- **Allegations:** Hash was arrested on July 15, 2013, charged before Clark Circuit Court 2 with felony possession of a controlled substance, and released on his own recognizance. He alleges that he was re-arrested on the authority of the Circuit Court nine days later for "failure to appear," and that he was subsequently jailed for 60 days without an appearance before a judicial officer, a probable cause hearing, consideration of bail, appointment of counsel, or notice of the charges against him—in violation of his due process rights under the Fifth and Fourteenth Amendments. Am. Compl. ¶¶ 68–70, 156. Hash brings claims for money damages and injunctive relief against Sheriff Danny Rodden (in his official and personal capacities) and the Clark County Board of Commissioners. He seeks only declaratory relief with respect to Defendant Judge Jacobi. *Id.* at ¶¶ 157–159.

**Claim 3 – Improper detention of a criminal defendant on work release:**

- **Plaintiff:** James Bennett.

- **Defendants:** Judge Jerome Jacobi; Danielle Grissett and Stephen Mason, in their official and individual capacities; Sheriff Danny Rodden, in his official and individual capacities; the Clark County Board of Commissioners; and "unknown Clark County Work Release employee(s) responsible for incarcerating James Bennett."

- **Allegations:** Judge Jacobi sentenced Bennett, following his conviction in absentia for felony drug possession, to a six year sentence, with two years suspended and four remaining to be served. On March 4, 2013, Judge Jacobi modified the sentence to allow Bennett to serve the remaining portion on work release. Bennett alleges that on August 8, 2013, unknown work release officials accused him of violating a term or terms of his work release and incarcerated him in the Clark County Jail.[3] He further alleges that he was jailed for 74 days without a probable cause hearing, consideration of bail, appointment of counsel, or formal notice of the charges against him—in violation of his due process rights under the Fifth and Fourteenth Amendments or, in the alternative, his Eighth Amendment protections against cruel and unusual punishment. Am. Compl. ¶¶ 79–82, 163–164. Bennett seeks money damages and injunctive relief against Grissett, Mason, Sheriff Rodden, and the unknown Clark County employee in their individual and official capacities and the Clark County Board of Commissioners in its official capacity. He seeks only declaratory relief with respect to Defendant Judge Jacobi. *Id.* at ¶¶ 165–171.

## Claim 4 – Unlawful arrest of drug court participants

- **Plaintiffs:** Amy Bennett, Ashleigh Santiago, Robert Upton, and Michael Campbell.

---

[3] Bennett maintains that, to this date, he has not learned which condition(s) of his work release he was accused of violating. Am. Compl. ¶ 81.

- **Defendants:** Judge Jerome Jacobi; Susan Knoebel and Jeremy Snelling, in their official and personal capacities; Henry Ford in his official capacity; and the Clark County Board of Commissioners in its official capacity.

- **Allegations:** These four Plaintiffs, all of whom were participants in the Clark County Drug Court program on deferred prosecution or probation from drug charges in the Clark Circuit Court, allege that Defendants Knoebel and Snelling—a probation officer and a bailiff, respectively, and lacking authority to make arrests—arrested them for putative violations of the drug court program conditions. Am. Compl. ¶¶ 71–78, 85–87, 92–96, 107–110. The plaintiffs claim that these arrests constituted unlawful seizures in violation of the Fourth Amendment. *Id.* at ¶ 173. They seek money damages and injunctive relief against Knoebel and Snelling in their official and personal capacities, Ford in his official capacity, and the Clark County Board of Commissioners in its official capacity. They seek only declaratory relief with respect to Defendant Judge Jacobi. *Id.* at ¶¶ 174–178.

**Claim 5 – Unlawful detention on erroneous "failure to appear" entry**

- **Plaintiff:** Lee Spaulding.

- **Defendants:** "Unknown Clark County Circuit Court clerk responsible for the erroneous entry alleging that Lee Spaulding failed to appear on July 16, 2013" and the Clark County Board of Commissioners.

- **Allegations:** Spaulding was arrested in 2013 and charged with misdemeanor possession of marijuana. He alleges that on or about July 16, 2013, he appeared in court for a pre-trial conference and signed a misdemeanor pretrial diversion agreement; despite his appearance and acceptance of the agreement, Judge Weber of Clark Circuit Court 3 (and an unknown clerk) entered an arrest warrant against him for failure to appear on that

same date. He was arrested pursuant to this invalid warrant on September 11, 2013, and released the following day. Am. Compl. ¶¶ 88–91. Spaulding claims that the issuance of this warrant and his subsequent arrest violated his Fourth Amendment protections against unreasonable seizures and constituted a deprivation of liberty without due process of law in violation of the Fifth and Fourteenth Amendments. *Id.* at ¶¶ 179–180. He seeks money damages and injunctive relief against the Defendant unknown clerk in his or her personal capacity, and the Clark County Board of Commissioners in its official capacity. *Id.* at ¶¶ 181–182.

The Clark County Defendants filed this motion to sever on July 1, 2014; they seek the severance of these five claims into five separate actions.

## Legal Analysis

### I.       Legal Standard

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. Pro. 21. Courts have, in turn, determined that severance is appropriate where the joinder of claims or parties contravenes Federal Rule of Civil Procedure 20—namely, if the claims' or parties' presence in the suit does not arise out of "the same transaction, occurrence, or series of transactions or occurrences," or if they do not share any common "question of law or fact." *See* Fed. R. Civ. Pro. 20; *DirectTV, Inc. v. Beecher,* 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *McDowell v. Morgan Stanley & Co., Inc.,* 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)).

District courts exercise "broad discretion" in ruling on motions to sever. *Leadbetter v. City of Fort Wayne,* 2007 WL 2782277, at *1 (S.D. Ind. Sept. 21, 2007) (quoting *Bennett v. Sch.*

*Dirs. Of Dist. 115,* 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996)). In considering whether a particular factual situation constitutes a single "transaction, occurrence, or series of transactions or occurrences," we have adopted a flexible, case-by-case approach. *See Spearman v. Tom Wood Pontiac-GMC, Inc.*, 2000 WL 33125463, at *6 (S.D. Ind. Dec. 22, 2000). Relevant factors in this decision may include the length of time over which the conduct at issue occurred, the existence of coordination or common supervision among the defendants, and the logical or legal separability of the plaintiffs' claims against the various defendants. *See Leadbetter,* 2007 WL 2782277, at *1; *McDowell,* 645 F. Supp. 2d at 694. The logistical impact of a severance on the parties and the court is also a valid consideration. After all, the purpose of Rule 20 in permitting joinder where appropriate is "to promote trial convenience and expedite the final determination of disputes, thereby preventing unnecessary multiple lawsuits," *McDowell,* 645 F. Supp. 2d at 694 (quoting *Maclin v. N. Telecom, Inc.*, 1996 WL 495558, at *6 (N.D. Ill. Aug. 28, 1996)), and a decision on joinder should "facilitate the prompt and efficient disposition of the litigation" as well as serving the ends of justice. *See Leadbetter,* 2007 WL 2782277, at *1 (citing *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). "Under the Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) (discussing the construction of Rule 2).

## II.     The Clark County Defendants' Motion

The Clark County Defendants contend that the four claims brought by Plaintiffs Jesse Hash (Claim 2); James Bennett (Claim 3); Ashleigh Santiago, Michael Campbell, Amy Bennett, and Bobby Upton (Claim 4); and Lee Spaulding (Claim 5) should each be severed from Claim 1

and pursued as separate actions. Their argument for severance, broadly speaking, is three-fold. First, they argue that the five claims do not stem from the same "transaction or occurrence" as a matter of fact and are distinct as a matter of law. They note that each of the alleged constitutional violations occurred at different times—and that the Defendants personally involved vary from claim to claim, although most of the claims do share some supervisory Defendants in common.[4] *See* Defs.' Br. 8, 11, 13–14. Second, the Clark County Defendants assert that logistical considerations do not weigh against severance. They aver that, even were the actions separated, they would abide by the deadlines set in the Case Management Plan already approved by the Magistrate, and they insist that discovery could proceed apace if the claims were separated because less coordination among Defendants' four separate sets of attorneys would be required as to each claim. In the same vein, they assert that breaking the matter into five more tightly defined actions would allow for speedier resolution through more focused dispositive motions. *Id.* at 10, 12, 13, 15. Lastly, they argue that some of the Defendants would be prejudiced before a jury by the introduction of large quantities of evidence at trial that did not pertain to them. *Id.*

We conclude that the motion, coming as it does at this early stage of the proceedings, is at best premature. The Clark County Defendants are certainly correct in noting that the allegations describe constitutional violations that took place at different times, and under circumstances that vary between the five claims. However, Plaintiffs allege that these incidents constituted not only a discernible "pattern of unlawful and unconstitutional conduct," but the fruits of "intentionally planned and executed policies, broad in scope, extended in time, and clearly illegal in nature, that caused the systematic deprivation of [Plaintiffs'] liberty" and violated the Fourth, Fifth, and Fourteenth Amendments. Am. Compl. ¶¶ 3–4.

---

[4] In particular, all claims name the Board of Commissioners as Defendants, and all claims but one include a request for declaratory relief against Judge Jacobi.

Where the plaintiffs have alleged that such an organizing principle permeates the defendants' actions, the presence of some factual and legal variance among a set of claims does not invariably warrant severance. Undoubtedly, the Seventh Circuit has made clear that "unrelated" claims against different defendants belong in separate lawsuits. *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) (noting the impermissibility of "buckshot" complaints, such as those alleging that "A defrauded the plaintiff, B defamed him, C punched him, [etc.]"). Where a complaint alleges that the defendants harmed the plaintiffs pursuant to a unifying practice or policy and under common leadership, however, the prerequisites of Rule 20 may be satisfied. *See King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992). *Cf. McDowell* 645 F. Supp. 2d at 694 (determining that joinder was inappropriate where, in the context of a discrimination claim against a corporation, the incidents in question were "rooted in individual decisions, made by different supervisors, at different times, and in four different offices"). Greater development of the evidence through discovery and motions practice may lend more insight into the factual interrelatedness of the claims brought by Plaintiffs—and may, indeed, warrant their severance before trial occurs. But at the moment, we are not persuaded that the claims are so disparate as to be "logically [un]related," or that there is any other compelling rationale for severance. *See Spearman, Inc.*, 2000 WL 33125463, at *6 (citing *McLernon v. Source Int'l, Inc.*, 701 F. Supp. 1422, 1425 (E.D. Wis. 1988).

Neither efficiency nor fairness dictates the severance of the claims at this stage. As Plaintiffs point out, a number of the Defendants—including Judge Jacobi, Sheriff Rodden, Susan Knoebel, Jerome Snelling, and the Clark County Commissioners—are named in multiple claims. *See* Pls.' Resp. 3. Defendants' concerns about coordination among counsel notwithstanding, it seems evident that the discovery process can be conducted more efficiently as a unified process

10

rather than five separate strategies. This consideration, together with our general, well-grounded

preference for consolidation as an aid to judicial economy, *see Bailey v. N. Trust Co.,* 196 F.R.D.

513, 515 (N.D. Ill. 2000), weighs against early severance. Moreover, pending before us are a

motion to certify one of the classes enumerated in the Amended Complaint and Defendants'

motion to file a threshold summary judgment motion. *See* Docket No. 57; Docket No. 62. These

motions, or similar motions not yet filed, may cut across the lines demarcating the five claims,[5]

and the Court's rulings on these motions may serve to narrow the issues or eliminate claims or

parties altogether. The Case Management Plan agreed to by the Court and the parties provides

that dispositive motions may be filed until April 8, 2015 and discovery will not be completed

until August 8, 2015, *see* Docket No. 44; Docket No. 48; our interest in the efficient resolution of

this matter suggests that we first address pending motions and allow discovery to proceed further

before turning to the question of severance.

The Clark County Defendants' concerns about the possibly prejudicial effect of

confusing or undifferentiated evidence at trial are serious ones, meriting our careful

consideration at the appropriate time. *See Bailey,* 196 F.R.D. at 518. These concerns all relate,

however, to the reactions of a jury which will not be impanelled for a considerable time hence, if

ever. Defendants have not claimed that any substantial prejudice could result from the

maintenance of a consolidated action through the period envisioned by the Case Management

Plan, and we perceive none. When faced with a motion to sever an action consisting of four

---

[5] The proposed threshold summary judgment motion argues that the Plaintiff participants in the Drug Court program have waived their right to bring constitutional claims arising from the actions of Drug Court officials; if granted, this motion would presumably result in the dismissal of Claims 1 and 4. *See* Docket No. 62. Although the pending motion to certify class pertains only to Claim 1 (comprising Class A and Class B), the Amended Complaint also contains class allegations relating to Claim 4 (Class C and Class D) as to which Plaintiffs have not presently filed for class certification. *See* Docket No. 17; Docket No. 57.

11

claims at a similarly early stage of the litigation, the Northern District of Illinois offered

observations we find apt here:

> At this early stage of the case, the interests of economy and convenience appear to outweigh the concern of prejudice to Defendant in that holding four separate trials would require four juries to hear many of the same facts from essentially the same witnesses. Also, while Plaintiffs' claims do involve separate employment histories and facts, their claims appear to be relatively similar. Furthermore, as with the Court's analysis of the motion pursuant to Rule 21, the "newness" of the case militates against severance, given that little to no discovery has been conducted and the factual issues have not been fleshed out.

*Nelson v. Chertoff,* 2008 WL 4211577, at *7 (N.D. Ill. Sept. 10, 2008).[6] *See also Cramer v.*

*Fedco Auto. Components Co., Inc.*, 2002 WL 1677694, at *2 (W.D.N.Y. July 18, 2002)

(employing similar reasoning). When the time for trial draws nearer, the Clark County

Defendants—or any other body of Defendants—may renew their motion for severance; we

anticipate that both the Court and the parties will then be better positioned both to evaluate the

factual and legal underpinnings of the action's current consolidation and to assess the effect of

any severance on the balance between judicial efficiency and the avoidance of prejudice.

Clark County Defendants' motion to sever is accordingly DENIED WITHOUT

PREJUDICE.

IT IS SO ORDERED.

Date: ____10/24/2014_____          _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[6] *Nelson* involved motions both a motion under both Rule 21 for severance and one under Rule 42(b) for separate trials. As the excerpted language indicates, the court weighed many of the same factors in denying both motions.

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com