UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DESTINY HOFFMAN, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:14-cv-00012-SEB-TAB |
| JEROME JACOBI, *et al.* | ) ) ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE THRESHOLD MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion of Defendants Susan Knoebel and Jeremy Snelling seeking leave to file a threshold summary judgment motion [Docket No. 62], filed on September 25, 2014. For the reasons set forth below, the motion is DENIED.

### Background

Plaintiffs are a group of current or former criminal defendants in the court system of Clark County, Indiana who have alleged that a number of officials in that court system, or other county employees, violated their constitutional rights.[1] Two of the five claims raised by the Plaintiffs' Amended Complaint—those concerning the Clark County Drug Treatment Court—are relevant to this motion. First, in Claim 1 of the Amended Complaint, twelve participants in the Drug Treatment Court allege that, based solely upon the representations of a probation officer who accused them of violating a condition of their participation in the program, they were held in jail for more than 72 hours without a hearing, formal notice of the charge against them,

---

[1] We have discussed the legal nature of Plaintiffs' allegations more fully in our recent Order denying Defendants' motion to sever. Docket No. 75. A detailed accounting of the facts upon which these allegations center is not necessary or possible at this stage, as we discuss below.

1

counsel, the consideration of bond, the opportunity to hear the evidence against them, or the opportunity to cross examine the government's witnesses. According to Plaintiffs, such incarceration violated their due process rights under the Fifth and Fourteenth Amendments; in the alternative, they argue that it constituted cruel and unusual punishment in violation of the Eighth Amendment. Am. Compl. ¶¶ 145–154. Second, in Claim 4, four Drug Treatment Court participants allege that they were arrested by county employees who lacked the legal authority to do so, in violation of their Fourth Amendment rights. Am. Compl. ¶¶ 71–78, 85–87, 92–96, 107–110, 173.

As Defendants Knoebel and Snelling state in their motion, they intend to introduce evidence that each of the participants in the Clark County Drug Treatment Court program—including those Plaintiffs named in Claims 1 and 4 of the Amended Complaint—signed a "participation agreement" releasing the court's employees from any liability arising from the Plaintiffs' participation in the Drug Treatment Court. Docket No. 62 at 2. The agreement, a copy of which Defendants have attached to their motion,[2] states in relevant part as follows:

> The Defendant [i.e. Plaintiff in the present action] releases and forever discharges the complaining witness, victims, judge, prosecutor, defense counsel, police departments, drug court staff, and service providers and their respective heirs, successors and executors from any and all claims of any kind or nature whatsoever, either in law or inequity [sic], arising out of his or her arrest, participation in, or termination from, the Drug Treatment Court Program and does expressly release and forever hold harmless from any criminal or civil action which the Defendant may have a right to bring as a result of the Defendant's arrest or participation in the Drug Treatment Court Program.

Docket No. 62, Ex. A at ¶ 11. The 33-paragraph document concludes with three blanks which participants are required to initial; in initialing, signatories recite that: (1) "I read and write the

---

[2] Defendants implicitly assert, though they have not established, that each of the Plaintiffs signed the same form agreement.

English language," (2) "I have fully read this Agreement to Enter Drug Court," and (3) "I have had the opportunity to discuss this agreement with my attorney whose name is [attorney name]." *Id.* at 7.

## Legal Analysis

### I. Rule 16 Standard

The Case Management Plan tendered by Plaintiff Destiny Hoffman and approved by the Magistrate requires that the parties submit any dispositive motions by April 8, 2015; it further provides that, "[a]bsent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. Pro. 56 must be raised by a party in a *single motion.*" Docket No. 44 at 7 (emphasis added). The additional "threshold" summary judgment motion Defendants Knoebel and Snelling seek permission to file would, as Defendants acknowledge, require modification of the Case Management Plan. *See* Docket No. 62 at 3.

Under the Federal Rules of Civil Procedure and this District's Local Rules, a court's scheduling order may be amended "only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4); S.D. Ind. L.R. 16-1(e) ("Absent court order, deadlines established in any order or pretrial entry under this rule may not be altered unless the parties and the court agree, or for good cause shown."). Although the Court has "inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice," *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631 (1962)), the party seeking to alter our prior orders must overcome a "presumption against modification." *See Kortum v. Raffles Holdings, Ltd.*, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002). In weighing whether the moving party has met its burden of showing good cause, a

primary focus of inquiry is the moving party's "diligence." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

## II. Defendants' Motion

Defendants Knoebler and Snelling devote little of their brief to supplying a "good cause" rationale for the modification of the Case Management Plan; rather, the preponderance of their filing consists of a discussion of the merits of their proposed summary judgment motion. They do offer two rationales for modification, both consisting of a single sentence—and without citations to authority or any elaboration. First, they contend, "[e]arly adjudication of the legal effect of the releases would serve judicial economy by potentially narrowing the scope of the action and reducing the number of defendants." Docket No. 62 at 3–4. Second, they assert that allowing a threshold motion would be fundamentally fair, because it could result in the release of Knoebel and Snelling from the case before they are subjected to the "costs and burdens of discovery and litigation of all issues."[3] *Id.* at 4.

The threadbare nature of Defendants' argument on good cause is, to a certain extent, understandable. In the run of cases in which a party seeks leave to modify a case management plan, the alteration sought is a deadline extension. Such circumstances are more conducive to justifications regarding diligence or "clean hands"—the presence of other compelling excuses warranting a departure from the court's scheduling orders. *See, e.g., Trustmark,* 424 F.3d at 553; *Hollis v. Defender Sec. Co.*, 2010 WL 1137485, at *2 (S.D. Ind. Mar. 19, 2010). Here, Defendants' lack of diligence lies not in dilatory conduct but in failing to bring to the Court's attention their putative "threshold" issue before they agreed to a standard Case Management Plan

---

[3] As Snelling and Knoebel recognize, a grant of summary judgment on the grounds they propose would greatly affect a number of other Defendants as well; it would release Defendants Ford and Seybold from the case entirely. Docket No. 62 at 4 n.3.

4

calling for parties to present only one summary judgment motion. They failed to raise the waiver/release argument earlier, Defendants assert, because it was only after "reviewing the signed releases and conducting legal research" that they appreciated the importance and ripeness of the question; they further assert that were nevertheless "timely" in bringing the present motion less than three months after the Case Management Plan's approval. Docket No. 72 at 1–2.

It is eminently reasonable for a party not to have done the necessary legal research and evidence-gathering for a summary judgment motion before discovery has commenced. Defendants' burden here, however, is to justify their decision to file this motion so *early,* not so late. The fact that their request to modify the Court's briefing schedule has a novel complexion, in other words, does not absolve Defendants from showing that "good cause" justifies it—and we are not persuaded that either judicial efficiency or fundamental fairness to the parties warrants such a deviation. This is because, contrary to Defendants' assurances, the issue raised by their proposed summary judgment motion is not a "pure question of law." *Contra* Docket No. 72 at 2.

Federal courts are rightly skeptical, albeit not uniformly dismissive, of claims that a plaintiff has waived his constitutional rights or has released a defendant from liability for violating them. We "indulge every reasonable presumption against waiver of fundamental constitutional rights," *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938); *Bayo v. Napolitano,* 593 F.3d 495, 503 (7th Cir. 2010), and we acquiesce in a waiver only if it has been "knowing, intelligent, and voluntary." *Schriro v. Landrigan,* 550 U.S. 465, 484 (2007). Although the Seventh Circuit does not appear to have addressed the type of release Defendants present here in the context of a drug court participation agreement, it has recognized that prospective "release-dismissal" agreements deserve scrutiny with a "critical eye" because of their "potential for . . .

abuse." *Gonzalez v. Kokot,* 314 F.3d 311, 317 (7th Cir. 2002). And, as Justice O'Connor recognized in her concurrence in *Town of Newton v. Rumery,* 480 U.S. 386 (1987), the adequacy of such a prospective release is a fact-dependent question: "Many factors may bear on whether a release was voluntary and not the product of overreaching, some of which readily come to mind. The knowledge and experience of the criminal defendant and the circumstances of the execution of the release, including, importantly, whether the defendant was counseled, are clearly relevant. . . ." 480 U.S. at 401–402 (O'Connor, J., concurring).[4] *See also Gonzalez,* 314 F.3d at 317–318. Moreover, Indiana courts have construed drug court participation agreements, a relatively recent statutory innovation, as analogous to the waivers of rights contained in criminal plea bargains. *See House v. State,* 901 N.E.2d 598, 600 (Ind. Ct. App. 2009).

Without offering any opinion on the merits of Defendants' proposed summary judgment motion, we thus readily perceive that our eventual resolution of the matter will require careful inquiry into the circumstances in which each of the Plaintiffs agreed to the purported release. We cannot engage in such an inquiry without proper development of the facts, and addressing this issue prematurely would be both unhelpful to the orderly resolution of the case and unfair to the Plaintiffs in question. *See Hollis*, 2010 WL 1137485, at *2 (noting the importance of prejudice to the Plaintiff in a Rule 16 motion) (citing *Kortum,* 2002 WL 31455994, at *5). "The purpose of pre-trial procedure is to serve the best interests of justice by eliminating unnecessary proof and issues and weeding out unsupportable claims." *Gomez,* 676 F. Supp. at 15. Defendants Knoebel and Snelling have not met their burden of showing that this purpose is best served by deviating

---

[4] Justice O'Connor went on to discuss other factors, including the nature of the criminal charges pending, the presence of a valid law-enforcement objective in securing the release, and the mitigating effects of judicial supervision, if any. 480 U.S. at 401–402 (O'Connor, J., concurring).

from the Case Management Plan already approved by the Court. The motion for leave to file a threshold summary judgment motion is accordingly DENIED.

IT IS SO ORDERED.

Date: _____10/29/2014_____.

_____Sarah Evans Barker_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com