UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DESTINY HOFFMAN, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 4:14-cv-00012-SEB-TAB |
| JEROME JACOBI, *et al.* | ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**

This cause is before the Court on Defendant Jerome Jacobi's second motion to dismiss [Docket No. 128], filed December 8, 2015. For the reasons explained in this Order, we **GRANT** Defendant's motions.

**Background**

On February 18, 2014, eight current and former probationers and participants in the Clark County Drug Treatment Court operated by the Clark Circuit Court No. 2. commenced this suit as a proposed class action, alleging that:

> Defendants intentionally planned and executed policies…that caused the systematic deprivation of [Plaintiffs'] liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments…includ[ing] jailing Plaintiffs and those similarly situated for extended periods of time without counsel. Notice or hearing before a neutral and detached hearing officer, and without the corresponding opportunities to appear and present evidence, confront and cross-examine adverse witnesses, or receive a written finding as to the

1

> evidence relied upon and the reasons that they were to remain incarcerated. Additionally, certain Defendants arrested these individuals in the absence of legal authority, resulting in violations of their Fourth Amendment right to be free of unlawful and unreasonable seizures.

Dkt. 1 ¶¶ 2–3. [1]

On June 5, 2014, one of the named defendants, Judge Jerome F. Jacobi, filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, arguing that although he was the presiding judge of Clark Circuit Court No. 2 and the Clark County Drug Treatment Court at the time of the incidents alleged in the First Amended Complaint, the claims against him in his official capacity should be dismissed as moot given that Plaintiffs sought only declaratory relief against him and he was no longer the presiding judge of the Clark County Drug Treatment Court. Dkt. 38, 39. We denied Judge Jacobi's motion, holding that while his evidence established that the Indiana Judicial Center had temporarily suspended the Clark County Drug Treatment Court in February 2014, it failed to establish how long the suspension lasted, which judge, if any, currently presided over the drug court, or whether Judge Jacobi—who at the time was still the presiding judge of Clark Circuit Court No. 2—had or would resume his duties over the drug court. Dkt. 73 at 6. We thus ruled that absent a showing of Judge Jacobi's permanent replacement and/or a showing of the permanent abatement of the alleged practices by the court, Judge Jacobi's mootness argument was premature. *Id.*

---

[1] On April 8, 2014, before any Defendant had answered the Complaint, Plaintiffs filed a First Amended Complaint adding eight new Plaintiffs and one new Defendant. See Dkt. 17.

On September 2, 2014, Plaintiffs filed a motion for class certification on which Magistrate Judge Hussmann issued an R&R recommending that the motion be granted with regard to the claims for injunctive relief and denied with regard to the claims for damages. Dkt. 118. Defendants objected to R&R and designated evidence indicating that "the Clark County Drug Treatment Court officially ended operations on June 25, 2015 upon the graduation of [the] final active participant." Dkt. 124-1. Thus, on December 8, 2015, we sustained Defendants' objection and denied Plaintiffs' motion for class certification due to the fact that "the need for injunctive or declaratory relief as a recovery in this litigation ha[d] become moot." Dkt. 127 at 2.

Immediately following our denial of class certification, Defendant Jacobi filed his second (and unopposed) motion to dismiss, arguing that the official-capacity claims against him should be dismissed as moot given that the Clark County Drug Treatment Court had officially ended operations in June 2015 and because he had entered into an agreement with the Indiana Commission on Judicial Qualifications affirming that he would not "seek nor accept judicial office at any time in the future and that he is not currently serving in any judicial capacity." Dkt. 129 at 3.

**Legal Standard**

Because Defendant seeks dismissal on the basis of a jurisdictional issue, we weigh his motion to dismiss according to the standard provided by Federal Rule of Civil Procedure 12(b)(1). *See Discovery House, Inc. v. Consol. City of Indianapolis*, 970 F. Supp. 655, 657–58 (S.D. Ind. 1997). In ruling on a motion to dismiss under Rule

3

12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## Discussion

The doctrine of mootness derives from the jurisdictional limits imposed by Article III of the Constitution, which mandates that federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). Accordingly, federal courts must abjure decision on a question that has been rendered moot by intervening factual events in order to avoid issuing "advisory" opinions in violation of Article III. *See Deakins v. Monaghan*, 448 U.S. 193, 199 (1988). "A case is rendered moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted).

Where dismissal is sought on grounds of mootness, "[i]t is the defendant's burden to prove that the offending activity has stopped and will not be repeated before a court may dismiss an action for mootness." *Nat'l People's Action v. City of Blue Island, Ill.* 594 F. Supp. 72, 73 (N.D. Ill 1984) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). At the time of Judge Jacobi's first motion to dismiss, he presented the Court with evidence establishing that, on February 14, 2014, the Indiana Judicial Center

immediately and temporarily suspended the Clark County Drug Treatment Court's operations and that the Judicial Center had replaced Judge Jacobi with Judge Vicki Carmichael. Dkts. 39-1, 39-2. However, he failed to establish whether the drug court's operations had since been reinstated, which judge, if any, currently presided over the court's operations, or whether Judge Jacobi himself—who was still in office as presiding judge of Clark Circuit Court No. 2.—had or would resume his duties over the drug court's operations. See Dkt. 73. We thus found that he failed to meet his burden of establishing that the offending activity had stopped and would not be repeated, and, therefore, denied his motion. Dkt. 73.

Since that time, Defendants have designated evidence establishing that the Clark County Drug Treatment Court officially ended operations in June 2015, see dkt. 124-1, and that Judge Jacobi has entered into an agreement with the Indiana Commission on Judicial Qualifications affirming that he no longer holds any judicial office and will not seek nor accept any judicial office any time in the future. See Dkt. 129.

Having established that Defendant no longer holds judicial office and will not in the future, the burden shifts to Plaintiffs, who seek only declaratory relief against him in his official capacity, to demonstrate that Judge Jacobi's successor in office will continue the relevant policies of her predecessor. *See Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir. 1982). In such a case, the suit may continue and Judge Carmichael may be substituted for Judge Jacobi pursuant to Federal Rule of Civil Procedure 25(d). *See e.g., Rowe v. Davis*, 373 F. Supp. 2d 822, 828 (N.D. Ind. 2005).


However, as we stated in our Order denying class certification, in light of the evidence that the Clark County Drug Treatment Court officially ended operations in June 2015, "the need for injunctive or declaratory relief as a recovery in this litigation has become moot." Dkt. 127 at 2. Moreover, Plaintiffs have not opposed or responded to Judge Jacobi's second motion to dismiss for mootness; thus, we have no reason to continue this suit against Defendant Jacobi or his successors.

## Conclusion

For the reasons explained above, Defendant's Motion to Dismiss [Docket No. 128] is **GRANTED** and Jerome F. Jacobi is hereby **DISMISSED** from this action.

IT IS SO ORDERED.

Date: 4/22/2016

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP-New Albany
wwood@k-glaw.com

Brian P. Butler
LAW OFFICE OF BRIAN BUTLER
brian.butleresq@yahoo.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com

7