UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DESTINY HOFFMAN, NATHAN CLIFFORD, JOSHUA FOLEY, JESSE HASH, ASHLEIGH SANTIAGO, JAMES BENNETT, AMY BENNETT, LEE SPAULDING, MICHAEL CAMPBELL, AMY TUTTLE, AMANDA CAMPBELL, BOBBY UPTON, SHANE BRATCHER (formerly "COURTNEY COWHERD"); JUSTIN LANHAM, TRENTNEY RHODES, JOANIE WATSON on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN KNOEBEL, JEREMY SNELLING, HENRY FORD, DANNY RODDEN, DANIELLE GRISSETT, STEPHEN MASON, UNKNOWN CLARK COUNTY WORK RELEASE EMPLOYEE(S), CLARK COUNTY BOARD OF COMMISSIONERS, JOSH SEYBOLD, WHITNEY NEWTON,<br><br>Defendants. | No. 4:14-cv-00012-SEB-TAB |

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs seek to join the claims of five new Plaintiffs to this action. Defendants present the Court with two issues: (1) whether Plaintiffs' motion for leave to amend is timely; and (2) whether the five proposed Plaintiffs' claims arise out of the same transaction or occurrence. The Court finds in favor of Plaintiffs on both issues and grants Plaintiffs' motion. [Filing No. 154.]

There are currently 16 Plaintiffs in this case. The original deadline for joining additional Plaintiffs was September 8, 2014. [Filing No. 44, at ECF p. 5.] However, on December 8, 2015,

the District Judge denied class certification and re-opened the deadline for adding additional Plaintiffs. The District Judge directed Plaintiffs' counsel to "proceed promptly to add them as Plaintiffs to allow this case to go forward." [Filing No. 127, at ECF p. 3.] On March 23, 2016, Plaintiffs' counsel moved to add the claims of five new Plaintiffs. [Filing No. 154.]

A party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend is not automatic and courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Standard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011). Courts should freely give leave to amend a pleading; denying a motion for leave to amend a complaint is disfavored. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

A party may join new plaintiffs to a lawsuit if they assert a right to relief that arises out of the same transaction, occurrence, or series of transactions or occurrences and there is a common question of law or fact. Fed. R. Civ. P. 20. In doing so, the Court has wide discretion and may consider other relevant factors to determine whether joinder will comport with the principles of fundamental fairness. *Chavez v. Illinois State Police*, 251 F3d 612, 632 (7th Cir.2001). Federal policy favors joinder unless it would create prejudice, expense, or delay. *Id.*; *Broadstone v. Sherman's Place, Inc.*, No. 115CV01453JESJEH, 2016 WL 199395, at *2 (C.D. Ill. 2016).

First, Plaintiffs' motion is timely. Plaintiffs argue they should be allowed to amend the complaint in light of the District Judge's instruction that Plaintiffs' counsel should "proceed promptly to add [new Plaintiffs]." [Filing No. 127, at ECF p. 3.] Defendants contend Plaintiffs failed to act "promptly." Defendants argue that adding Plaintiffs now will cause undue delay and prejudice. Understandably, Defendants want to move forward with the litigation, but Plaintiffs'

waiting 15 weeks to file this motion was reasonably "prompt" under the circumstances. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("The underlying concern is the prejudice to the defendant rather than simple passage of time."). While adding new Plaintiffs at this point in the litigation will require some or all case management deadlines to be reset, no trial date has been set. Adding these Plaintiffs complies with the District Judge's order. And prior to that order, this case sat fairly inactive for over a year. Defendants do not object to litigating the claims of the new five Plaintiffs. [Filing No. 156, at ECF p. 9.] Making those Plaintiffs bring separate suits would make everyone start over, increasing costs, and duplicating efforts. In light of these facts, moving for leave to add five new Plaintiffs 15 weeks after the District Judge's order was not unreasonable and will not cause undue delay or prejudice.

Second, the proposed claims arise out of the same series of occurrences. The new Plaintiffs are five Clark County Drug Treatment Program participants who allege the same overall scheme as the current Plaintiffs, except that the facts differ regarding their individual arrests, detentions, and incarcerations.[1] Different factual allegations will not alter this action because each of the current 16 Plaintiffs also have their own specific factual allegations. Joinder is appropriate because both proposed and current Plaintiffs present the factual similarities of participating in the Clark County Drug Treatment Program and being subject to the Drug Court's procedures. These Plaintiffs also present the common claims that Defendants violated their due process rights under the Fifth and Fourteenth Amendments, excessive bail and cruel and unusual punishment under the Eighth Amendment, and unreasonable searches and seizures under the

---

[1] The Court acknowledges Defendants' concern that the false arrest claim by one of the new Plaintiffs may present unique circumstances that arise out of a different transaction or occurrence. However, Defendants only note this is a possibility. To address this potential concern, the Court grants Plaintiffs' motion without prejudice for Defendants to move to sever the false arrest claim in the event that more focused briefing is required.

Fourth Amendment.  Joining the five new Plaintiffs' claims to the current action will avoid duplication of efforts, the risk of inconsistent rulings, and relitigation of issues because they arise out of the same series of occurrences in the Clark County Drug Court and Treatment Program and present similar questions of law.  For these reasons, joinder is appropriate.

In conclusion, Plaintiffs' motion for leave to amend is timely and will not prejudice Defendants.  The claims of the new five Plaintiffs arise out of the same series of occurrences and present similar legal questions as the claims of the current 16 Plaintiffs.  Plaintiffs' motion for leave to amend [Filing No. 154] is therefore granted and joinder of the five new Plaintiffs is appropriate.  Accordingly, the Plaintiffs' second amended complaint is deemed filed as of the date of this order.  [Filing No. 154-3.]

Date: 5/6/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP-New Albany
wwood@k-glaw.com

Brian P. Butler
LAW OFFICE OF BRIAN BUTLER
brian.butleresq@yahoo.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com