UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

DESTINY HOFFMAN, *et al.*,
          Plaintiffs,

vs.

SUSAN KNOEBEL, *et al.*,
          Defendants.

No. 4:14-cv-00012-SEB-TAB

**ORDER GRANTING DEFENDANT WHITNEY NEWTON'S
MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Defendant Whitney Newton's Motion for Summary Judgment with regard to Plaintiff Lee Spaulding's claims against her in her official capacity as the Circuit Court Clerk for Clark Circuit Court No. 3 [Docket No. 215].[1] On April 29, 2016, we granted Defendant Newton's motion for summary judgment with regard to Spaulding's claims against her in her individual capacity, but noted in our Order that because neither party had addressed Spaulding's claims against Newton in her official capacity, our ruling was limited only to Spaulding's claims against her in her individual capacity. See Dkt. 164 at 3 n.3.[2]

---

[1] This cause is comprised of claims by sixteen Plaintiffs against nine Defendants. We deal here with only those claims raised by Plaintiff Lee Spaulding against Defendant Whitney Newton.

[2] The facts and procedural history as they relate to Mr. Spaulding and his claims in this lawsuit are set out in full in our April 2016 Order and are not repeated here.

1

Thereafter, on January 16, 2017, Newton moved for summary judgment on Spaulding's claims against her in her official capacity, arguing, among other things, that as Circuit Court Clerk, she is not a "person" subject to liability under 42 U.S.C. § 1983 and is in any event entitled to sovereign immunity under the Eleventh Amendment. Dkt. 217 at 5. On February 1, 2017, Plaintiffs requested an extension of time to file their Responses to Defendants' several motions for summary judgment [Docket Nos. 218, 224, 225, 230], including Defendant Newton's motion [Docket No. 215]. Magistrate Judge Baker granted Plaintiffs' request on February 16, 2017, allowing them until April 14, 2017 to file their Responses. See Dkt. 265. On April 14, Plaintiffs filed Responses to Docket Nos. 218, 224, 225, and 230, but proffered no Response to Defendant Newton's Motion for Summary Judgment at Docket No. 215. Indeed, since that time, no Response or Reply has been filed in relation to Newton's summary judgment motion. We <u>GRANT</u> Newton's motion, but note that we are issuing a ruling on the merits as well as on Spaulding's procedural deficiency.

Section 1983 does not authorize a suit for monetary damages against a state or state agents acting in their official capacities. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). In Indiana, circuit court clerks qualify as state officials. *See e.g., State ex rel. McClure v. Marion Superior Court, Room No. 1,* 158 N.E.2d 264, 269 (Ind. 1959) ("we have no alternative but to hold that the clerk of the circuit court is not a county officer, but rather a circuit officer"); *Childers v. City of Portage Ind.*, 2014 WL

1116887, at *6 (N.D. Ind. Mar. 19, 2014) (holding that "any claims against the Clerk in her official capacity for monetary damages may not survive"); *Parsons v. Bourff,* 739 F. Supp. 1266, 1267–68 (S.D. Ind. 1989) (dismissing Section 1983 claims against clerk of court because clerk is a state official). Thus, for Spaulding to successfully maintain an official-capacity suit against Newton, he must, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), seek "prospective equitable relief for ongoing violations of federal law...." *Marie O. v. Edgar,* 131 F.3d 610, 615 (7th Cir.1997).

"A court applying the *Ex parte Young* doctrine now 'need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) (quoting *Verizon Maryland Inc. v. Pub. Servs. Comm'n of Maryland,* 535 U.S. 635, 645 (2002)).

Spaulding's claims against Defendant Newton are laid out in the Amended Complaint as follows:

> Defendant "Unknown Clark County Circuit Court Clerk Responsible for the Erroneous Entry Alleging that Mr. Spaulding Failed to Appear on July 16, 2013," was, at all relevant times, an employee of Clark County, Indiana and employed as a Court Clerk. This unknown Defendant is sued in an individual capacity for actions and inactions which directly caused constitutional deprivations and in an official capacity for intentional actions in implementing and executing Clark County's unconstitutional policies, decisions, customs and practices, as well as the employee's unlawful inactions

3

> which were the result of and represented "deliberate indifference" to the constitutional rights of Plaintiffs.

Dkt. 17 ¶ 36. Spaulding's official-capacity allegations reference only Newton's past behavior and mirror the standards set out in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), which hold political subdivisions and local municipalities financially liable under section 1983. As previously explained, in Indiana "[t]he court system is separate from the other branches of the [city] government, and the judges, clerk of court, and prosecuting attorneys are not officers of the city government." *Holland v. City of Gary,* 2011 WL 6782101, at *3 (N.D. Ind. Dec. 27, 2011). Therefore, *Monell* does not apply to the courts and their officers.

Accordingly, because Spaulding's claims do not seek prospective relief from ongoing violations, but instead seek monetary damages for constitutional deprivations he alleges to have already suffered, they cannot be maintained against the Circuit Court Clerk in her official capacity. Given our prior Order that disposed of Spaulding's claims against Newton in her individual capacity, see dkt. 164, we hereby <u>GRANT</u> her Motion for Summary Judgment in its entirety [Docket No. 215] by <u>DISMISSING</u> Spaulding's remaining official-capacity claims.

IT IS SO ORDERED.

Date: __07/06/2017__   _Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP-New Albany
wwood@k-glaw.com

Elizabeth A. Knight
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
eknight@khkklaw.com

Joseph W. Smith
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
jsmith@khkklaw.com

Brian P. Butler
LAW OFFICE OF BRIAN BUTLER
brian.butleresq@yahoo.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com