UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DESTINY HOFFMAN, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:14-cv-00012-SEB-TAB |
| SUSAN KNOEBEL, *et al.* | ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AT DOCKET NOS. 218, 221, 225, & 230.**

This cause is before the Court on motions for summary judgment filed by Defendants <u>Clark County Board of Commissioners</u> [Docket No. 221], Clark County Chief Probation Officer <u>Henry Ford</u> [Docket No. 218], Clark County Drug Treatment Court Case Manager <u>Josh Seybold</u> [Docket No. 230], Director of the Clark County Drug Treatment Court Program <u>Susan Knoebel</u> [Docket No. 225], and Clark Circuit Court 2 Bailiff <u>Jeremy Snelling</u> [Docket No. 225]. For the reasons explained below, Defendants' motions reflected at Docket Nos. 218 and 221 are **GRANTED in full,** and Defendants' motions reflected at Docket Nos. 225 and 230 are **GRANTED in part**.

**Background**

The procedural history of this litigation is protracted and convoluted, eventually involving twenty-one Plaintiffs and nine Defendants, and spanning more than three years

and 280 docket entries. For purposes of this entry, we have distilled the facts to those relevant to the sole issue addressed by this order, to wit, determining the real party in interest with regard to Plaintiffs' official-capacity claims.

This suit was initiated on February 18, 2014, by eight named Plaintiffs suing on behalf of themselves and others similarly situated, against the following Defendants:

> Judge Jerome F. Jacobi, the presiding judge of Clark Circuit Court 2 and the Clark County Drug Treatment Court,
>
> Susan Knoebel, the Director of the Drug Treatment Court Program,
>
> Jeremy Snelling, the Courtroom Bailiff for Clark Circuit Court 2 and the Drug Treatment Court,
>
> Henry Ford, the Chief Probation Officer of Clark County,
>
> Danny Rodden, the Clark County Sherriff,
>
> Danielle Grissett, the Clark County Work Release Director,
>
> Stephen Mason, the Executive Director of Clark County Community Corrections,
>
> The Clark County Board of Commissioners, and
>
> Certain "unknown" Circuit Court employees (later represented by Whitney Newton).[1]

Dkt. 1 ¶¶ 18–26.

On April 8, 2014, before any Defendant had answered the Complaint, Plaintiffs filed an Amended Complaint adding eight new named Plaintiffs and one new Defendant, Josh Seybold, a Case Manager for the Clark County Drug Treatment Court. Dkt. 17 ¶ 34.

---

[1] The remaining claims against Defendant Whitney Newton have been addressed in an Order entered simultaneously with this ruling.

Plaintiffs alleged in their Amended Complaint that, in operating the Clark County Drug Treatment Court Program, Defendants knowingly deprived multiple probationers and Drug Court participants of their rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Am. Compl. ¶¶ 2–4. Specifically:

- Various Plaintiffs who were participants in the Clark County Drug Treatment Court have alleged that they suffered periods of detention without having received a hearing, notice, counsel, judicial consideration of bond, or the opportunity to hear the evidence against them or cross-examine witnesses, all in violation of their rights to due process under the Fifth and Fourteenth Amendments. Am. Compl. ¶¶ 145–154.

- Plaintiff Jesse Hash has alleged that he was incarcerated for 60 days as a pretrial detainee by order of officials of Clark Circuit Court No. 2 without having been brought before a judicial officer, without being given a probable cause hearing, without judicial consideration of bail or the appointment of counsel, and without notice of the charges against him, in violation of his due process rights under the Fifth and Fourteenth Amendments. *Id.* ¶¶ 155–161.

- Plaintiff James Bennett, a convict serving a portion of his sentence on a work-release program, has alleged that he was re-arrested and held for 74 days without ever having been told any reason for his detention, in violation of his due process rights to a hearing, counsel, confrontation, and cross-examination. *Id.* ¶¶ 162–171.

- Four Plaintiffs alleged that they were arrested by Clark County officials who lacked lawful arrest powers, in violation of the Fourth Amendment. *Id.* ¶¶ 172–178.

On March 3, 2016, Plaintiffs filed a Second Amended Complaint, adding five new Plaintiffs. See Dkt. 171. All five new Plaintiffs have alleged that, as participants in the Clark County Drug Treatment Court Program, they were deprived of their rights to due process under the Fifth and Fourteenth Amendments. *Id.* ¶¶ 131–150. One new Plaintiff has also alleged that she was unlawfully arrested by Clark County officials who lacked lawful arrest powers, in violation of the Fourth Amendment. *Id.* ¶ 143.

On September 2, 2014, Plaintiffs sought Fed. R. Civ. P. 23 certification of the following classes:

> A. All persons who were participants in Clark County Indiana's Drug Treatment Court Program and who were incarcerated for more than 72 hours without hearing and/or other due process of law from February 18, 2012 to the date of the order granting class certification.
>
> B. All persons who are or will be subject to the jurisdiction of Clark County Indiana's Drug Treatment Court Program as a Drug Court participant and who therefore faces or will face the possibility of being alleged or determined to be in violation of the rules, terms, and or policies of probation of Drug Court.

Dkt. 58 at 2.

Plaintiffs sought monetary relief for subclass A and injunctive and declaratory relief for subclass B. *Id.* Having been informed that, as of June 25, 2015, the operations

of the Clark County Drug Treatment Court Program had officially ended, dkt. 124, we denied class certification, finding that need for injunctive or declaratory relief had become moot and determining that "[a]ny individual damages claims in this case will be at best difficult and perhaps impossible or inappropriate to resolve on a class-wide basis." Dkt. 127. We also dismissed the official-capacity claims brought against Judge Jerome Jacobi as moot, given that the Clark County Drug Treatment Court had officially ended operations in June 2015 and because Judge Jacobi had entered into an agreement with the Indiana Commission on Judicial Qualification confirming that he was no longer serving in any judicial capacity and that he would not seek nor accept judicial office at any time in the future. Dkt. 158.

Since that time, we have issued separate orders assessing the legal sufficiency of the claims of Plaintiffs Lee Spaulding, dkt. 164, James Bennett, dkt. 266, and Jesse Hash, dkt. 267, each of whom alleged constitutional deprivations arising from factual circumstances that were distinct and different from those of all other Plaintiffs in this lawsuit.

Currently pending before us are separate motions for summary judgment filed by the Clark County Board of Commissioners [Docket No. 221], Clark County Chief Probation Officer Henry Ford [Docket No. 218], Clark County Sheriff Danny Rodden [Docket No. 224], Clark County Drug Treatment Court Case Manager Josh Seybold [Docket No. 230], Director of the Clark County Drug Treatment Court Program Susan Knoebel [Docket No. 225], and Clark Circuit Court 2 Bailiff Jeremy Snelling [Docket

5

No. 225]. Although each of these motions embraces issues unique to the particular named Defendant, all of them also involve a common question: can the State of Indiana or Clark County be held accountable for the alleged constitutional deprivations allegedly caused by the Clark County Drug Treatment Court and its staff?

Plaintiffs have named Defendants Danny Rodden, Henry Ford, Josh Seybold, Susan Knoebel, and Jeremy Snelling in both their individual and official capacities. In addition, they have named the Clark County Board of Commissioners as an official-capacity Defendant. As previously noted in the course of this litigation, individual-capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), whereas official-capacity claims seek to impose liability on the governmental entity for whom the officer works, *Brandom v. Holt*, 469 U.S. 464, 471 (1985).

This distinction between individual-capacity and official-capacity liability for Plaintiffs' harm involves differences with regard to causation as well. In this order, we address only the official-capacity claims leveled against Defendants Clark County Board of Commissioners, Henry Ford, Susan Knoebel, Jeremy Snelling, and Josh Seybold, as challenged in their motions for summary judgment found at Docket Nos. 218, 221, 225, and 230.[2]

---

[2] This order does not address or otherwise resolve Clark County Sheriff Danny Rodden's motion for summary judgment [Docket No. 224], which will be addressed in a separate entry. As explained previously in this litigation, see dkt. 267, naming the Sheriff in his official capacity is the same as bringing a suit against the Sheriff's Department, which is an independent arm of local government subject to suit for damages under Indiana law. *See Burton v. Lacy*, 2008 WL 18755, at *2 (S.D. Ind. 2008).

**Legal Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher,* 634 F.3d 942, 945 (7th Cir. 2011).

**Discussion**

Plaintiffs' due process claims against Defendants Clark County Board of Commissioners, Henry Ford, Susan Knoebel, Jeremy Snelling, and Josh Seybold arise under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, while acting under color of state law, violates an individual's federally protected rights. In advancing such a claim, a plaintiff may sue a defendant in either his individual or official capacity. Here, Plaintiffs have brought both official-capacity claims as well as individual-capacity claims, but was we have previously mentioned, we are addressing here only the official-capacity claims.

The Supreme Court recognized in *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), that a suit against an officer in his official capacity "generally represent[s] only another way of pleading an action against [the] entity of which [the] officer is an agent."

Accordingly, we must determine in the case before us for whom the named Defendants were acting as agents with regard to the specific conduct underlying Plaintiffs' claims.

Plaintiffs assert that "[t]he official[-]capacity claims against Defendants Clark County Board of Commissioners, Henry Ford, Susan Knoebel, Jeremy Snelling, and Josh Seybold all represent claims against Clark County. Clark County is liable to Plaintiffs for the County's widespread policies, customs, and deliberate acts that proximately caused their constitutional deprivations." Dkt. 271 at 2.

Plaintiffs' contention that Clark County, as opposed to the State of Indiana, acted as the principal in relation to these Defendants' actions is not surprising, given that, pursuant to the Supreme Court's decision in *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1985), local governments such as Clark County are considered "persons" under 42 U.S.C. § 1983, and therefore may be sued for damages, whereas the Supreme Court has also held that a state "is not a person within the meaning of § 1983," *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64 (1989), and therefore may only be sued for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). *See Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977) ("[T]he bar of the Eleventh Amendment to suit in Federal courts extends to States and state officials in appropriate circumstance…but does not extend to counties and similar municipal corporations.").

However, as explained above, Plaintiffs' requests for declaratory and injunctive relief became moot when the Clark County Drug Treatment Court officially ended its

operations in June 2015. Plaintiffs may maintain these official-capacity suits seeking monetary relief only if Defendants were agents of the County, as opposed to the State.

We conclude, after careful review, that Defendants Susan Knoebel, Jeremy Snelling, and Josh Seybold, as employees of the Clark County Drug Treatment Court acting in their official capacities, were agents of the State of Indiana, not Clark County. Well-ensconced legal precedent establishes Indiana's court system as an arm of the State separate from other branches of city and county government such that judges, clerks of court, prosecuting attorneys, and their staffs are not considered officers or agents of the city or county government. *See State ex rel. Pitman v. Tucker,* 46 Ind. 355 (1874); *State ex rel. Gibson v. Friedley,* 34 N.E. 872, 874 (Ind. 1893); *State v. Patterson,* 181 Ind. 660, 105 N.E. 228 (Ind. 1914); *State ex rel. McClure v. Marion Superior Court,* 158 N.E.2d 264 (Ind. 1959); *Pruitt v. Kimbrough,* 536 F. Supp. 764, 766 (N.D. Ind.), *aff'd* 705 F.2d 462 (7th Cir. 1982); *Parsons v. Bourff,* 739 F. Supp. 1266 (S.D. Ind. 1989); *Sakelaris v. Danikolas*, 2007 WL 1832119, at *1 (N.D. Ind. June 22, 2007); *Holland v. City of Gary*, 2011 WL 6782101, at *3–4 (N.D. Ind. Dec. 27, 2011), *aff'd,* 533 F. App'x 661 (7th Cir. 2013); *Lewis v. Zoeller*, 2013 WL 2318564, at *3 (S.D. Ind. May 28, 2013). Accordingly, the Seventh Circuit has consistently held that local governments are not liable under § 1983 for the acts of judges, clerks of court, prosecuting attorneys, or their staff, because they are not final policymakers for those localities. *Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991).

This legal principle extends to the Clark County Drug Treatment Court and its staff. As provided in the Indiana Code, drug treatment courts are "problem solving court(s)" which may be established by "a city or county <u>court</u>" to provide designated services to "individuals over whom the <u>court</u> that established the problem solving court has jurisdiction." Ind. Code § 33-23-16-11, 12. Problem solving courts are overseen at the state level by the Board of Directors for the Indiana Judicial Conference, which is vested with authority to create and certify problem solving courts, ensure their compliance with the rules adopted under the Indiana Code, and revoke such certification upon a finding that a court is not acting in compliance with state and federal regulations. *Id.* § 33-23-16-17. By statute, it is the establishing <u>court</u>, not the local county or city, that is granted authority to "take steps necessary to carry out the functions of the problem solving court, including the following: (1) Hiring employees as needed to perform the required functions of the problem solving court. (2) Establishing policies and procedures for the problem solving court. (3) Adopting local court rules as necessary for the problem solving court." *Id.* § 33-23-16-21.

Defendants <u>Knoebel</u>, <u>Snelling</u>, and <u>Seybold</u> were all hired by Judge Jacobi in his capacity as Presiding Judge of the Clark County Drug Treatment Court to carry out the functions of the problem solving court. Plaintiffs have offered no persuasive argument that would take them outside the general rule. Plaintiffs have pinned their contention only to the fact that each of these Defendants received his or her salary from the Clark County treasury and each of them "considered" his or her employer to be Clark County.

10

Dkt. 271 at 3. This arguments falls well short of the mark. As explained in several recent decisions, "'Indiana law has long required that county government directly finance the operation of the state trial court system,' including 'the entire salaries of support court personnel. Despite this system of funding, it is without question that Indiana's circuit, superior and county courts are exclusively units of the judicial branch of the state's constitutional system and as such are not units of county government.'" *Holland v. City of Gary*, 2011 WL 6782101, at *3–4 (N.D. Ind. Dec. 27, 2011), *aff'd,* 533 F. App'x 661 (7th Cir. 2013) (quoting *J.A.W. v. State,* 650 N.E.2d 1142, 1150–1151 (Ind. Ct. App. 1995)).[3] Accordingly, Defendants Susan Knoebel, Jeremy Snelling, and Josh Seybold are entitled to summary judgment on Plaintiffs' claims against them in their official-capacity, because those claims are effectively claims against the State, for which only prospective injunctive relief is available, but which remedy has been rendered moot in this litigation.

The same principles apply to Defendant Henry Ford, Clark County's Chief Probation Officer. *See Moriarity v. Superior Court of Marion Cty.*, 2007 WL 1106135, at *2 (S.D. Ind. Apr. 11, 2007) ("Because the probation office 'is an arm of the court, it like the court itself is a state entity and therefore not a person under § 1983.'") (quoting *J.A.W.*, 650 N.E.2d at1150–51 (Ind. Ct. App. 1995)). That said, we note that the lack of

---

[3] Plaintiffs' citations to *Knoebel v. Clark Cty. Superior Court No. 1*, 901 N.E.2d 529 (Ind. Ct. App. 2009) and *Vavasseur v. Indiana*, 2009 WL 2512419 (S.D. Ind. Aug. 17, 2009) do no more than confirm the fact that, while probation officers and other court personnel serve at the pleasure of the state's superior and circuit courts, Indiana law requires that the funds for their salaries are to be paid out of the county treasury.

11

evidence establishing a connection between Defendant Ford and the Drug Treatment Court or its participants, much less evidence establishing that he exercised any policymaking authority over the Drug Court or its program, dooms the claims against him. Thus, even if Ford were considered a County employee, he would not be subject to suit in this action. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1988) ("municipal liability under § 1983 attaches where, and only where, a deliberate choice to follow a course of action is made ... by the official ... responsible for establishing final policy....").

This leaves for analysis the official-capacity claims brought against the <u>Clark County Board of Commissioners</u>. Plaintiffs maintain that the Commissioners were vested with final policymaking authority over the Drug Treatment Court, its program, and its agents. "Whether an official had final policymaking authority is a question of state law." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) (citing *Pembaur,* 475 U.S. at 483). And state law "will always direct a court to some official or body that has the responsibility for making law or setting policy in a given area of a local government's business." *Id.* at 125.

The Indiana Code provides such guidance here, making clear that the Clark Circuit Court, a component of the judicial branch of the State that exists independently from Clark County government, was granted the statutory authority to hire employees, establish policies and procedures, and adopt local court rules as necessary to carry out the functions of the Drug Treatment Court. Ind. Code § 33-23-16-21. Moreover, it was the

12

Board of Directors for the Indiana Judicial Conference, not the Board of Commissioners for Clark County, in whom authority was vested to certify, inspect, and revoke certification of the Clark County Drug Treatment Court. *Id.* § 33-23-16-17.

Accordingly, given the absence of any evidence in the record to show that Defendants Henry Ford or the Clark County Board of Commissioners possessed any policymaking authority over the Clark County Drug Treatment Court or its agents and participants, these Defendants are entitled to summary judgment on all claims against them in this action.[4] *See Holland v. City of Gary*, 533 F. App'x 661, 662 (7th Cir. 2013) (affirming the district court's decision that "[t]he Board of Commissioners was entitled to summary judgment because it neither controlled the County Sheriff nor was responsible for conditions at Lake County Jail and therefore could not be liable for any deprivation of Holland's rights resulting from his detention.").

## **Conclusion**

For the reasons detailed above, the motions for summary judgment filed by Clark County Board of Commissioners [Docket No. 221] and Henry Ford [Docket No. 218], are **GRANTED in full**. The motions for summary judgment filed by Josh Seybold [Docket No. 230], Susan Knoebel [Docket No. 225], and Jeremy Snelling [Docket No.

---

[4] We note that Plaintiffs' Second Amended Complaint contains allegations against Defendant Ford in both his individual and official capacity. However, in responding to Ford's motion for summary judgment, dkt. 218, Plaintiffs abandoned any individual-capacity claims against him, relying only on his alleged supervisory role over Defendant Knoebel in her capacity as a probation officer in their attempt to establish municipal liability under *Monell*. See Dkt. 271.

13

225] are **GRANTED in part** to the extent they relate to claims against them in their official capacity.

IT IS SO ORDERED.

Date: ___07/06/2017___      ___*Sarah Evans Barker*___
                                                                SARAH EVANS BARKER, JUDGE
                                                                United States District Court
                                                                Southern District of Indiana

Distribution:

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

James Michael Bolus, Jr.
JAMES M. BOLUS, JR. P.S.C.
bo@boluslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP-New Albany
wwood@k-glaw.com

Elizabeth A. Knight
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
eknight@khkklaw.com

Joseph W. Smith
KNIGHT HOPPE KURNIK & KNIGHT LTD (Schererville)
jsmith@khkklaw.com

Brian P. Butler
LAW OFFICE OF BRIAN BUTLER
brian.butleresq@yahoo.com

Michael A. Augustus
MICHAEL A. AUGUSTUS, PSC
mike@boluslaw.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Brennan Soergel
SOERGEL LAW OFFICE PLLC
brennan@boluslaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com